Filed 8/20/15  P. v. Phillips CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RON BRADLEY PHILLIPS,<br><br>    Defendant and Appellant. | G051192<br><br>(Super. Ct. No. 12WF3550)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Commissioner.  Affirmed in part, reversed in part, and remanded with directions.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## Introduction

Ron Bradley Phillips appeals from a postjudgment order granting in part and denying in part his application under Penal Code section 1170.18 for a recall of sentence on his felony conviction and to reduce that conviction to a misdemeanor. Although the trial court reduced the conviction to a misdemeanor, Phillips argues the court erred by imposing a one-year parole term under section 1170.18, subdivision (d) (section 1170.18(d)) because he was not still serving a sentence when he was on postrelease community supervision (PRCS). Alternatively, Phillips argues his excess custody credits should reduce his parole term and fines.

We conclude Phillips is subject to a parole term under section 1170.18(d), but the length of parole cannot be longer than the remainder of his PRCS and his excess custody credits must be applied against the parole term and/or restitution and parole revocation fines. In addition, we conclude the trial court erred by imposing an unauthorized jail term, which must be corrected on remand, Phillips forfeited any challenge to the restitution fine and parole revocation fine, and the order requiring him to register under Health and Safety Code section 11590 must be stricken. We therefore affirm in part, reverse in part, and remand with directions.

## Facts

A single-count information, filed on January 17, 2013, charged Phillips with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and alleged a prior felony conviction (Pen. Code, §§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)). On January 24, 2013, Phillips pleaded guilty and admitted the prior felony conviction. As the factual basis for the plea, Phillips stated that on December 27, 2012, he "knowingly possessed a useable amount of methamphetamine, a controlled substance."

The trial court sentenced Phillips to a term of 16 months in prison, struck the prior conviction for purposes of sentencing, imposed various fines (including a

2

restitution fine of $240 and a parole revocation fine of $240), and ordered him to register under Health and Safety Code section 11590.

In December 2014, Phillips filed an application pursuant to Penal Code section 1170.18, subdivision (f) (section 1170.18(f)) to have the felony conviction for possession of methamphetamine designated as a misdemeanor. In the alternative, Phillips sought to have the sentence recalled pursuant to Penal Code section 1170.18, subdivision (a) (section 1170.18(a)). At the time Phillips filed his application, he had served his prison sentence and was on PRCS.

The trial court granted the application under section 1170.18(a), recalled the sentence, and reduced the conviction to a misdemeanor violation of Health and Safety Code section 11377, subdivision (a). The court imposed a term of 492 days in jail with a one-year parole period pursuant to section 1170.18(d). Phillips timely appealed.

**Discussion**

1. *Imposition of One-year Parole Term*

In 2014, the voters enacted Proposition 47, which makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. Those offenses previously had been designated either as felonies or as crimes that can be punished as either felonies or misdemeanors. (See *People v. Morales* (2015) 238 Cal.App.4th 42, 46 (*Morales*).)

Proposition 47 added, among other things, section 1170.18 to the Penal Code. (*Morales*, *supra*, 238 Cal.App.4th at p. 46.) Penal Code section 1170.18 is a resentencing provision that provides two distinct remedies depending on whether the person seeking relief has completed the sentence for the conviction. When the person is currently serving the sentence, section 1170.18(a) governs. It states: "A person *currently serving a sentence for a conviction, whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act')

3

had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18(a), italics added.)

When the person has completed the sentence, section 1170.18(f) governs. It states: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18(f).)

If the court determines the criteria for relief under section 1170.18(a) are satisfied, then the felony sentence is recalled and the person is resentenced to a misdemeanor, unless the trial court determines that resentencing the person would pose an unreasonable risk of danger to public safety. (Pen. Code, § 1170.18, subd. (b).) Significantly here, section 1170.18(d) provides that a person who is resentenced pursuant to Penal Code section 1170.18, subdivision (b) "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18(d).)

If the court determines the criteria for relief under section 1170.18(f) are satisfied, then "the court shall designate the felony offense or offenses as a misdemeanor." (Pen. Code, § 1170.18, subd. (g).) The person obtaining relief under section 1170.18(f) is not resentenced and is not subject to the one-year parole term of section 1170.18(d).

Phillips contends the trial court erred by imposing a one-year parole term under section 1170.18(d) because he had completed his sentence and was on PRCS when

4

he filed his application. The issue is whether someone who is on PRCS is "currently serving a sentence" (§ 1170.18(a)) or "has completed his or her sentence" (§ 1170.18(f)). In *Morales*, *supra*, 238 Cal.App.4th at page 48, a panel of this court held that PRCS was part of the felony sentence and, because the defendant was on PRCS when he filed his petition under Penal Code section 1170.18, "he was still serving his sentence and thus subject to the parole requirement." In so holding, the *Morales* court reconciled what appeared to be a contradiction among Penal Code sections 1170, 1170.18, and 3000 in the use of the word "sentence." (*Morales*, *supra*, at pp. 47-50.) We find *Morales* persuasive and follow it here.

## 2. *Parole Period Not to Exceed Length of Remaining PRCS*

Penal Code section 1170.18, subdivision (e) (section 1170.18(e)) states that "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." Phillips contends section 1170.18(e) means that, when resentencing a defendant under section 1170.18(a), a court may not impose a period of parole under section 1170.18(d) that is longer than the period of time the defendant has remaining on parole or PRCS. He contends the trial court erred by not taking the limitation of section 1170.18(e) into account when imposing a one-year term of parole under section 1170.18(d).

In *People v. Pinon* (2015) 238 Cal.App.4th 1232 (*Pinon*), a panel of this court concluded that imposition of a parole period longer than the remainder of the defendant's PRCS violated section 1170.18(e). The *Pinon* court stated: "Permitting a court to impose one full year of parole supervision even beyond that to which the defendant was subject under a felony sentence would render the punishment more severe with no apparent justification at all. [Citation.] And requiring additional parole beyond that which was required of a felony offense would, of course, cost the taxpayers

additional money.  Neither of these results comport with the objectives of Proposition 47." (*Pinon*, *supra*, at pp. 1237-1238.)

We agree with *Pinon* and follow it here.  On remand, the trial court shall impose a period of parole no longer than the length of time remaining on Phillips's PRCS.

### 3. *Unauthorized Sentence of 492 Days in Jail*

After granting Phillips's application under Penal Code section 1170.18, the trial court sentenced Phillips to 492 days in jail.  Phillips contends, and the Attorney General agrees, that sentence was unauthorized because the maximum term for a misdemeanor violation of Health and Safety Code section 11377, subdivision (a) is one year.  On remand, the trial court shall resentence Phillips to an authorized jail term.

### 4. *Application of Excess Custody Credits to Parole and Fines*

Phillips contends his custody credits exceeded the maximum authorized term under Health and Safety Code section 11377, subdivision (a) and the excess must be credited against any period of parole he is required to serve and any fines he is required to pay.  In *Morales*, *supra*, 238 Cal.App.4th at page 50, the court explained the general rule is that a person subject to parole is entitled to credit excess custody time against the parole period, and the voters must have known this when they enacted Proposition 47.  The *Morales* court stated, "[t]here is no clear indication the voters intended to change the law on this front; to the contrary, they expressly retained all 'otherwise available' remedies.  [Citation.]" (*Morales*, *supra*, at p. 50.)

As to fines, the *Morales* court explained:  "[Penal Code s]ection 2900.5, subdivision (a), permits excess custody credits to be 'credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence.' [Penal Code s]ection 1170.18 says nothing about fines, and thus credit against

applicable fines is a remedy otherwise available." (*Morales*, *supra*, 238 Cal.App.4th at pp. 51-52.)

We agree with and follow *Morales* and conclude any excess custody credits may reduce Phillips's parole period and fines. We disagree with *People v. McCoy* (Aug. 12, 2015, B260449) __ Cal.App.4th __ [2015 Cal.App. Lexis 693] to the extent it is contrary to *Morales*.

5. *Restitution and Parole Revocation Fines*

At the original sentencing in January 2013, the trial court imposed a restitution fine of $240 under Penal Code section 1202.4 and a parole revocation fine under Penal Code section 1202.45 in the same amount. Phillips contends those fines should be reduced to the appropriate minimum misdemeanor amounts, which, he claims, would be $140 each.

Phillips did not object to the fines in the trial court and therefore has forfeited the issue. (*Pinon*, *supra*, 238 Cal.App.4th at p. 1240; *Morales*, *supra*, 238 Cal.App.4th at p. 52, fn. 4.) The *Morales* court explained: "[T]he maximum fine was $1,000, even for a misdemeanor ([Pen. Code, § 1202.4, subd. (b)(1)]), and thus the fines were not an unauthorized sentence. Defendant failed to object below and has thus forfeited the issue." (*Morales*, *supra*, at p. 52, fn. 4.) The maximum misdemeanor fine in January 2013, when Phillips pleaded guilty, likewise was $1,000 (Pen. Code, §§ 1202.4, subd. (b)(1), 1202.45, subd. (a)) and, therefore, his failure to object to the fines in the trial court operates as a forfeiture.

6. *Registration under Health and Safety Code Section 11590*

Phillips and the Attorney General agree the order requiring him to register under Health and Safety Code section 11590 must be stricken. We conclude the order requiring Phillips to register must be stricken. (*Pinon*, *supra*, 238 Cal.App.4th at p. 1240.)

7

## Disposition

The matter is remanded to the trial court with instructions to recalculate Phillips's parole period consistently with this opinion, resentence Phillips to an authorized jail term, and to apply any excess custody credits against any period of parole and/or applicable fines Phillips owes.  The order requiring Phillips to register pursuant to Health and Safety Code section 11590 is stricken.  In all other respects, the postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

8